# Giles *v.* Teasley *et al.* Board of Registrars, &c.

## *Application for Mandamus.*

1. *Constitution of 1901; when mandamus can not be awarded to compel board of registrars to register applicant.*—A writ of *mandamus* will not be issued to the board of registrars of a county commanding them to register an applicant for registration as a qualified elector of the State of Alabama, as provided under the constitution of 1901, upon the ground that the suffrage provisions of said constitution were unconstitutional and void, as being violative of the XIV and XV amendments of the Constitution of the United States (Const., 1901, Art. VIII, §§ 180-188); since, if they are violative of the constitution, there would be no board of registrars, and no duty for them to perform, as sought to be compelled by the writ.

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

The proceedings in this case were had upon a petition filed by the appellant, Jackson W. Giles, in which he asked for a writ of *mandamus* to be issued directed to the appellees, Chas. B. Teasley, E. J. Harris and Wm. A. Gunter, Jr., the board of registrars of Montgomery county, commanding them to register the petitioner as a qualified elector of the State of Alabama. The grounds of the relief asked, as set forth in the petition, were that the suffrage provisions of the constitution of 1901 (Constitution, Article VIII, §§ 180-188) were unconstitutional and void, as being repugnant to the fourteenth and fifteenth amendments of the constitution of the United States. The respondents demurred to the petition upon many grounds, among which were the following: 1. That under the averments of the petition the suffrage provisions of the constitution of 1901 were unconstitutional and void, and, therefore, the respondents could not exercise any of the powers sought to be conferred

upon them by said provisions; and, further, that the averments of the petition and the relief sought thereby were inconsistent, repugnant and antagonistic.

Upon the submission of the petition upon the demurrers the court rendered a decree sustaining the demurrers, and ordered the petition dismissed. To the rendition of this judgment the petitioner duly excepted. The present appeal is prosecuted from the judgment sustaining the demurrer and dismissing the petition. and the rendition of this judgment is assigned as error.

WILFORD H. SMITH, for appellant, cited Cooley on Constitutional Limitations (3d ed.), 65; *Kow v. Neuman,* 5 Sawyer (U. S.) 553; *Yick Wo v. Hopkins,* 118 U. S. 356; *Neal v. Delaware,* 103 U. S. 370; *Carter v. Texas,* 177 U. S. 442; *Davies v. McKeeby,* 5 Nev. 369.

CHAS. G. BROWN, *contra.*

TYSON, J.—The petition in this case is for a writ of *mandamus* to compel the board of registrars for Montgomery county to register the petitioner as an elector. It alleges that sections 180, 181, 183, 184, 185, 186, 187 and 188 of Art. VIII of the constitution of 1901, fixing the qualifications of electors and prescribing the mode of registration, are unconstitutional because violative of the 14th and 15th amendments of the constitution of the United States. The prayer is in substance that these sections of the constitution above enumerated be declared null and void, and that an alternative writ of *mandamus* issue to the board of registrars commanding them to register as a qualified elector of the State of Alabama, upon the books provided therefor, the name of petitioner and to issue to him a certificate of the fact in disregard of said section of the constitution, etc., etc.

As these sections of the constitution assailed created the board of registrars, fixed their tenure of office, defined and prescribed their duties, if they are stricken down on account of being unconstitutional, it is entirely clear that the board would have no existence and no duties to perform. So, then, taking the case as made by the petition, without deciding the constitutional ques-

tion attempted to be raised or intimating anything as to the correctness of the contention on that question, there would be no board to perform the duty sought to be compelled by the writ and no duty imposed of which the petitioner can avail himself in this proceeding, to say nothing of his right to be registered.

Affirmed.